IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

BILLY WYNNE,
ADC #601431                                                                                                       PLAINTIFF

V.                      Case No. 3:13-cv-00208-KGB/JTR

DALE COOK, Sheriff,
Mississippi County, et al.                                                 DEFENDANTS

**ORDER**

      Billy Wynne is a convicted prisoner in the Mississippi County Detention Facility. On September 16, 2013, he filed this *pro se* 42 U.S.C. § 1983 action alleging that defendants violated his constitutional rights (Dkt. Nos. 2, 8). Specifically, Mr. Wynne alleges that defendants wrongfully terminated his work release assignment because a false positive caused him to fail a drug test on August 27, 2013. Thereafter, defendants allegedly failed to respond properly to Mr. Wynne's grievances about the drug test.

      The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

      A § 1983 claim must be based on a violation of a federal constitutional or statutory right. 42 U.S.C. § 1983; *Henley v. Brown*, 686 F.3d 634, 640 (8th Cir. 2012). Prisoners do not have a

federally protected right to a particular work assignment. *Persechini v. Callaway*, 651 F.3d 802, 807 (8th Cir. 2011) ("[T]here is no protected liberty interest . . . in remaining in a work release program."); *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) ("[Inmate] had no constitutional right to a particular prison job."). Similarly, inmates do not have a federally protected right to require prison officials to grant or even process their grievances. *Lomholt*, 287 F.3d at 684 ("[D]enial of [inmate's] grievances did not state a substantive constitutional claim."); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) ("[Prison officials'] failure to process any of [inmate's] grievances, without more, is not actionable under section 1983."). Thus, Mr. Wynne has failed to state a viable § 1983 claim regarding the termination of his work release assignment and the handling of his grievances.

Mr. Wynne also contends that defendants Nurse Bell, Lieutenant Whitfield, Captain Hicks, and Sheriff Cook "discriminated" against him (Dkt. No. 2, at 4). Despite being ordered to do so (Dkt. No. 4), Mr. Wynne has not provided any facts to support that conclusory allegation. *See Iqbal*, 556 U.S. at 678 (holding that "labels and conclusions" and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim and, instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face" (internal quotation marks omitted)); *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 815 (8th Cir. 2008) (explaining that, to state a valid equal protection claim, a prisoner must allege facts suggesting that he was "treated differently from similarly-situated inmates and that the different treatment is based upon either a suspect classification or a 'fundamental right'").

Finally, Mr. Wynne claims, as he did in his motion for a temporary restraining order, that defendants have retaliated against him for filing this lawsuit by denying him medical care for

2

fluid around his tail bone and then losing or throwing away his related grievances (Dkt. Nos. 5, 8). As previously explained in the Proposed Findings and Recommended Partial Disposition (Dkt. No. 6), claims that arose after Mr. Wynne filed this lawsuit must be raised in a new and separately filed § 1983 action, after he has exhausted or attempted to exhaust his administrative remedies about that claim in the Mississippi County Detention Facility. *See* 42 U.S.C. § 1997e(a); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Further, "the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory." *Johnson*, 340 F.3d at 627. Thus, even if Mr. Wynne has attempted to exhaust his administrative remedies through ignored grievances regarding his lack of medical care, he must still file a new and separate lawsuit because he had not attempted to exhaust his administrative remedies when this action was filed.

Accordingly, this case is dismissed without prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal would not be taken in good faith.

SO ORDERED this 3rd day of December, 2013.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE